IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SANTELLANO,<br><br>        Plaintiff,<br><br>    v.<br><br>MACY'S OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____ / | No. C 13-4551 NC (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DIRECTIONS TO CLERK** |

### INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

### DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

1   According to the complaint, on October 23, 2012, Plaintiff was arrested on the
2   premises of a Macy's department store. Plaintiff suffered a heart attack during the arrest. He
3   was denied medical aid and was left in manacles for hours.

4   A claim that a law enforcement officer used excessive force in the course of an arrest
5   or other seizure is analyzed under the Fourth Amendment reasonableness standard. See
6   Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d
7   804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure
8   is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and
9   quality of the intrusion on the individual's Fourth Amendment interests' against the
10  countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations
11  omitted). Liberally construed, the complaint adequately alleges a claim for excessive force
12  in violation of the Fourth Amendment.

13  Regarding the alleged denial of medical care, in light of the fact that Plaintiff had not
14  been convicted of a crime, but apparently only had been arrested, "his rights derive from the
15  due process clause rather than the Eighth Amendment's protection against cruel and unusual
16  punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). As a
17  person in custody, he had a right " 'to not have officials remain deliberately indifferent to
18  [his] serious medical needs.' " Id. (citation omitted). To prove that the response to an
19  arrestee's medical needs was constitutionally deficient, the arrestee must establish (1) a
20  serious medical need and (2) deliberate indifference to that need by the officials. See id.;
21  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds,
22  WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Liberally
23  construed, the complaint also adequately alleges a claim for deliberate indifference to
24  medical needs.

25  The problem for Plaintiff, however, is that he has not named any law enforcement
26  officer or other governmental entity or employee as a defendant in his complaint. The only
27  named defendants are Macy's of California and Macy's employees Andrea Winter and
28  Jermey Hadre. A private individual or organization does not act under color of state law, an

2

essential element of a Section 1983 action.  See Gomez v. Toledo, 446 U.S. 635, 640 (1980).  Purely private conduct, no matter how wrongful, is not covered under Section 1983.  See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974).  Simply put: there is no right to be free from the infliction of constitutional deprivations by private actors.  See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996).  Accordingly, defendants Macy's of California, Andrea Winter, and Jermey Hadre are DISMISSED with prejudice.

Plaintiff also lists "Doe" Defendants.  It is unclear if the Doe defendants are individuals or organizations acting under color of state law.  A person or organization acts under color of state law if he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  West v. Atkins, 487 U.S. 42, 49 (1988) (citation and internal quotation marks omitted).  Generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.  See Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir. 1997).  Plaintiff will be given an opportunity to amend his complaint, and set forth facts sufficient to demonstrate that one or more Doe defendant was acting under the color of state law, if he can do so in good faith.

If Plaintiff files an amended complaint, he is advised that the use of "Jane Doe" or "John Doe" to identify a defendant is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Although the use of a Doe defendant designation is acceptable to withstand dismissal of a complaint at the initial review stage, using a Doe defendant designation creates its own problem: that person cannot be served with process until he or she is identified by his or her real name.  If Plaintiff files an amended complaint, Plaintiff must take steps promptly to discover the full name (i.e., first and last name) of each of the Doe defendants and provide that information to the Court in his amended complaint.  The burden remains on the Plaintiff; the Court cannot undertake to investigate the names and identities of unnamed defendants.

3

In his amended complaint, Plaintiff must "set forth specific facts" regarding what each defendant did, or did not do, that violated his federal constitutional rights. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

**CONCLUSION**

1. Defendants Macy's of California, Andrea Winter, and Jermey Hadre are DISMISSED with prejudice. The Clerk shall terminate them as defendants on the court docket.

2. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, Plaintiff must file an AMENDED COMPLAINT within **sixty days** from the date this order is filed to cure the deficiencies described above. The amended complaint must include the caption and civil case number used in this order (C 13-4551 NC (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint by reference. **Failure to file the amended complaint by the deadline will result in the dismissal of the action.** The Clerk of the Court must send Plaintiff a blank civil rights form along with his copy of this order.

3. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

///
///
///
///
///
///
///

4

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 10, 2013

NATHANAEL M. COUSINS
United States Magistrate Judge