UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SANTELLANO,<br>　　　　　　Plaintiff,<br>　　v.<br>OFFICER TROY JOHNSEN,<br>　　　　　　Defendant.<br>_____/ | No. C 13-4551 NC (PR)<br>**ORDER OF PARTIAL SERVICE;<br>DIRECTIONS TO CLERK** |

## INTRODUCTION

Plaintiff, an inmate at the Santa Clara County Jail, filed this pro se civil rights action under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend due to Plaintiff's failure to name any governmental entity or employee as a defendant. Plaintiff filed a timely first amended complaint ("FAC"), which is now before the Court for review under 28 U.S.C. § 1915A. In the FAC, Plaintiff names the following defendants: (1) Santa Clara Police Officer Troy Johnsen, (2) Macy's Department Store, and (3) the Santa Clara Police Department.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from

such relief. See id. at § 1915A(b). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

According to the complaint, on October 23, 2012, Macy's security guards arrested Plaintiff on the premises of a Macy's department store for suspected shoplifting. The guards used excessive force in the course of the arrest, causing Plaintiff to suffer a heart attack. He was denied medical aid and was left in manacles for hours. Santa Clara Police Officer Troy Johnsen later arrived on the scene and was informed that Plaintiff was complaining of chest pains. Officer Johnsen informed Plaintiff that he would not receive medical treatment. Officer Johnsen tightened Plaintiff's handcuffs, "threw" him into the back of a squad car, and transported him to the Santa Clara Police Department for booking. By that time, Plaintiff was soaked in his own bodily fluids. Officer Johnsen could see that Plaintiff was in severe pain and was having trouble breathing. He nonetheless refused to obtain medical assistance for Plaintiff. Plaintiff eventually received a heart procedure that same day and was hospitalized from October 23, 2012 to October 31, 2012.

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted). Liberally construed, the complaint adequately alleges a claim for excessive force in violation of the Fourth Amendment against Officer Johnsen.

Regarding the alleged denial of medical care, in light of the fact that Plaintiff had not been convicted of a crime, but apparently only had been arrested, "his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment." Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002). As a person in custody, he had a right "'to not have officials remain deliberately indifferent to [his] serious medical needs.'" Id. (citation omitted). To prove that the response to an arrestee's medical needs was constitutionally deficient, the arrestee must establish (1) a serious medical need and (2) deliberate indifference to that need by the officials. See id.; McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Liberally construed, the complaint also adequately alleges a claim for deliberate indifference to medical needs against Officer Johnsen.

The complaint does not state a claim against Macy's Department Store. As stated in the Court's October 10, 2013 order of dismissal with leave to amend, a private individual or organization does not act under color of state law, an essential element of a Section 1983 action. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). Purely private conduct, no matter how wrongful, is not covered under Section 1983. See Ouzts v. Maryland Nat'l Ins. Co., 505 F.2d 547, 550 (9th Cir. 1974). Simply put: there is no right to be free from the infliction of constitutional deprivations by private actors. See Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996). Plaintiff alleges no facts suggesting that the conduct of the Macy's security guards, who are private individuals, could fairly be treated as conduct of the state itself. Plaintiff may have state tort law claims (e.g., for assault, battery and false imprisonment) against Macy's Department Store. Plaintiff does not, however, purport to bring such claims as supplemental claims in this action. Rather, the FAC states that Plaintiff "brings civil action suit [sic] against . . . (Macy's) security guards for violating of my [sic] civil rights Due Process Clause and for conspiracy to violate my civil rights." (FAC at 4.) Moreover, Plaintiff has informed the Court in a separate action that he is already pursuing state law claims, arising from the above events, against Macy's Department Store in state

3

court.  (See C 13-4369 NC (PR), Dkt. No. 5.)[1]  Accordingly, defendant Macy's Department Store is dismissed.  Plaintiff is granted leave to file a second amended complaint in which he may attempt to allege supplemental state law claims against Macy's Department Store.

Nor does the complaint state a claim against the Santa Clara Police Department. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  The Santa Clara Police Department does not have liability based solely on the fact that it employed the alleged wrongdoing officer.  However, local governments, such as the City of Santa Clara (and its arm, the Santa Clara Police Department), are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, see Monell, 436 U.S. at 690.  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show:  (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation.  See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).  Plaintiff has not made any such allegations.  The municipal defendant is dismissed. Plaintiff is granted leave to file a second amended complaint in which he may attempt to allege a Monell claim.

## CONCLUSION

1. Plaintiff's complaint states cognizable claims against Santa Clara Police Officer Troy Johnsen for:  (1) excessive force in violation of the Fourth Amendment; and (2) deliberate indifference to medical needs.  The Clerk is directed to terminate all other defendants.

---

[1] The Court notes that Officer Johnsen and the Santa Clara Police Department are also named as defendants in the state court action.  It is unclear why Plaintiff is pursuing his claims in both state and federal court.  The Court has insufficient information at this time to determine whether abstention applies to bar all or some of Plaintiff's claims herein.

2. If Plaintiff wishes to file a second amended complaint, he must so inform the Court within **twenty-eight (28)** days from the date of this Order.

3. The Clerk of the Court is directed to mail the following documents to Officer Troy Johnsen at the Santa Clara Police Department: (1) a Notice of Lawsuit and Request for Waiver of Service of Summons, (2) two copies of the Waiver of Service of Summons, (3) a copy of the complaint, the amended complaint and all attachments thereto (docket nos. 1, 6); and (4) a Magistrate Judge jurisdiction consent form. The Clerk of the Court must also mail copies of the complaint, amended complaint and this Order to the Santa Clara City Attorney's Office. Additionally, the Clerk must mail a copy of this Order to Plaintiff.

4. In order to expedite the resolution of this case, the Court orders as follows:

   a. No later than **ninety-one (91)** days from the date of this order, Defendant Santa Clara Police Officer Troy Johnsen must serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he must so inform the Court prior to the date his motion is due.

All papers filed with the Court shall be served promptly on Plaintiff.

   b.  Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than **twenty-eight (28)** days after the motion is served and filed.

   c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand, 154 F.3d at 962-63 (App. A).

  Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by Defendant in his motion to dismiss. Wyatt, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents –

documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters stated therein.  In considering a motion to dismiss for failure to exhaust, the Court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse Defendant's obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

d. Defendant must serve and file a reply to an opposition not more than **fourteen (14)** days after the opposition is served and filed.

e. The motion shall be deemed submitted as of the date the reply is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: December 6, 2013

NATHANAEL M. COUSINS
United States Magistrate