**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SANTELLANO,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICER TROY JOHNSEN,<br><br>    Defendant.<br>_____/ | No. C 13-4551 NC (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO FILE A NOTICE OF INTENT TO PROSECUTE** |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. The court issued an order of service, directing defendant to respond. Defendant filed a motion for summary judgment, and although given an opportunity, plaintiff did not file an opposition. Nonetheless, after reviewing the record and the relevant pleadings, on February 5, 2015, the court granted in part and denied in part defendant's motion for summary judgment and referred this case to Magistrate Judge Vadas for settlement proceedings.

On March 31, 2015, Judge Vadas held a scheduling conference but plaintiff failed to appear. Judge Vadas re-set a second scheduling conference for April 28, 2015. Again, plaintiff failed to appear. As a result, Judge Vadas removed this case from his calendar, and returned it to the undersigned judge.

A review of the docket sheets reveals that plaintiff has not filed any pleading or otherwise communicated with the court since March 17, 2014. Because of the length of time since plaintiff's last communication with the court, and his failure to appear at two

scheduling conferences with Judge Vadas, it is unclear whether plaintiff intends to continue to pursue the claims set forth in federal complaint.

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order. *See McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991). But such a dismissal should only be ordered when the failure to comply is unreasonable. *See id.* The court should afford the litigant prior notice of its intention to dismiss. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987).

Accordingly, it is in the interests of justice and judicial efficiency for the court to establish whether plaintiff intends to continue to prosecute this action. Plaintiff shall file a notice of his continued intent to prosecute no later than **twenty-one (21) days** from the filing date of this order. **Failure to do so will result in the dismissal of this action without prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.**

IT IS SO ORDERED.

DATED:   May 4, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

2