UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SANTELLANO,<br>            Plaintiff,<br>    v.<br>OFFICER TROY JOHNSEN,<br>            Defendant. | No. C 13-4551 NC (PR)<br>**ORDER OF DISMISSAL** |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. On February 5, 2015, the court granted in part and denied in part Defendant's motion for summary judgment and referred this case to Magistrate Judge Vadas for settlement proceedings. On March 31, 2015 and April 28, 2015, Plaintiff failed to appear to two scheduled settlement proceedings. As a result, Judge Vadas removed this case from his calendar, and returned it to the undersigned judge. In light of Plaintiff's failure to communicate with the court, and failure to appear, on May 4, 2015, the court ordered Plaintiff to file a notice of intent to prosecute within twenty-one days or face dismissal. Plaintiff has not responded.

A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of

actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). The first three factors, above, weigh in favor of dismissal in light of the amount of time that has passed – over one year – without Plaintiff filing anything in this matter, and also taking into consideration his failure to respond to the court's previous order and failure to appear at two settlement proceedings. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, the court finds that dismissal is appropriate in light of the other four factors. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this action is hereby dismissed for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). The clerk of the court shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED:     May 28, 2015

NATHANAEL M. COUSINS
United States Magistrate Judge

2